Gibson, J.,
dissenting. Until November 13, 1963, when this court in State v. Perry, No. 38264, dismissed the petitioner’s appeal as of right and overruled his motion for leave to appeal from the judgment of the Court of Appeals denying his motion for leave to appeal, I saw no reason to deviate from the recent decisions of this court holding that the only post-conviction remedy in Ohio is by appeal and not by habeas corpus. Although such rule deviates from the traditional role of habeas corpus, the implicit guaranty that all such petitioners will be *372 granted leave to appeal in the Court of Appeals, unless they are clearly not so entitled, is, in my opinion, an adequate reason to follow this court’s recent decisions.
The only basis upon which the present rule regarding the post-conviction remedy of habeas corpus can rest is that the remedy by appeal is an adequate legal remedy. A remedy is adequate, however, if, and only if, such remedy is available. The instant case clearly exemplifies the inadequacy of the rule. This petitioner filed a motion in the Court of Appeals seeking leave to appeal. Without an opinion on the merits, the Court of Appeals found such motion not well taken, and this court, also without opinion, refused to review the soundness of such denial. In the instant proceeding it is said that petitioner’s remedy is not by habeas corpus but by the very appeal he has tried to obtain and which has been denied him. Thus, petitioner now is in the position that he can never have a review on the merits of his contentions.
It can be argued, of course, that the fact that petitioner’s motion for leave to appeal in case No. 38264 was overruled does not show that he has no adequate legal remedy. Such an argument is premised on the fact that where, as here, an appeal is not taken within the 30-day period prescribed by Section 2953.05, Revised Code, the granting of such a motion lies within the discretion of the Court of Appeals. Obviously, such discretion is not unbridled but must be exercised in the interest of sound administration of justice.
It may be that here the Court of Appeals did not abuse its discretion. The record in case No. 38264 does not indicate, however, whether consideration was given to the merits of petitioner’s contention that the indictment, under which he is confined, was void, and, therefore, that he is unlawfully restrained of his liberty. Consequently, this court could not, with any fair degree of certainty, determine whether there was an abuse of discretion. The various presumptions relating to the regularity of judicial proceedings ought not be invoked, where one’s liberty is at stake, to determine that his contentions were reviewed. To prevent such an uncertain situation, the intermediate court in granting or denying a motion for leave to appeal should state, briefly at least, the reasons for its action so *373 that this court may adequately determine whether an abuse of discretion has occurred.
In conclusion, if the petitioner has no right of appeal, as he clearly has not, then he has no adequate legal remedy. In my opinion, he is entitled in this case to a determination of this petition for habeas corpus on the merits as to whether the indictment, under which he is confined, was void and, if so, whether he is unlawfully restrained of his liberty.